26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
QUALITY GRANITE CONSTRUCTION CO., INC., Appellant,
v.
Les ASPIN, Secretary of Defense, Appellee.
 No. 93-1547.
 United States Court of Appeals, Federal Circuit.
 April 14, 1994.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Quality Granite Construction Co, Inc. (QGC) appeals the May 7, 1993, decision of the Armed Services Board of Contract Appeals, No. 43846, holding that QGC's violations of the Davis-Bacon Act labor standards provided an independent ground upon which to uphold the government's termination for default of contract No. DMA700-91-C-0023. We affirm.
 
 
 2
 Although QGC's contract with the Defense Mapping Agency was terminated for default for failure to timely complete performance, the parties agree that a default termination can be justified on appeal on any ground that existed at the time of termination, whether or not the contracting officer (CO) knew of the ground at that time. Therefore, the issue is whether the CO could have terminated for default based on the labor standards violations.
 
 
 3
 QGC asserts that if the CO had raised labor standards violations at time of termination, she would have been required to give QGC notice of the default and provide an opportunity to cure. Because it was not afforded these procedural safeguards, QGC argues that the termination cannot now be based on the labor violations. However, we agree with the board that neither the contract nor the applicable regulation, FAR 52.222-12, require notice or an opportunity to cure prior to termination for violation of the Davis-Bacon Act. Accordingly, QGC's violation of the contract's Davis-Bacon clause provided adequate grounds for the board to affirm the CO's termination for default.